# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-cr-3091-MDH |
| KENNETH GAYLORD STOKES, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now pending before the Court is a Motion to Dismiss the Indictment and Superseding Indictment for improper venue filed by Defendant Kenneth Gaylord Stokes (Doc. 28). This case has been referred to the undersigned United States Magistrate Judge for resolution of pretrial matters pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it is **RECOMMENDED** that the Motion to Dismiss the Indictment and Superseding Indictment for improper venue be **DENIED**.

### FINDINGS OF FACT[1]

On November 7, 2012, the government filed an indictment in the Western District of Missouri charging the defendant, Kenneth Gaylord Stokes, with two counts of distributing child pornography in Greene County, Missouri, in violation of 18 U.S.C. § 2252. At the time the indictment was filed, Stokes lived in the Philippines. In cooperation with United States Homeland Security agents, Filipino police arrested Stokes on December 3, 2012, at his residence

---

[1] The undersigned summarizes the facts as set forth in the Motion to Dismiss (Doc. 28), and the Government's Response in Opposition to the Motion to Dismiss (Doc. 37).

in the Philippines, and deported him, based in part on the allegations charged in the indictment. On January 29, 2013, Stokes arrived at the Guam International Airport and was immediately arrested on the two-count indictment.[2] Stokes was seen by a magistrate in the District of Guam who ordered Stokes removed to the Western District of Missouri, pursuant to Fed. R. Crim. P. 5(c). On March 4, 2013, Stokes appeared before this Court for his initial appearance (Doc. 8). He was arraigned and entered pleas of not guilty on March 7, 2013 (Doc. 14). Stokes was detained pending trial, and remains in the custody of the Attorney General (Doc. 16).

On June 12, 2013, while Stokes was in custody, the government filed a superseding indictment, which included five additional counts of travel in foreign commerce with intent to engage in illicit sexual conduct—in violation of 18 U.S.C. § 2423(c)—to the two original counts of distribution of child pornography (Doc. 22). On June 18, 2013, Stokes was arraigned and pleaded not guilty to the charges in the superseding indictment (Doc. 25). On December 11, 2013, Stokes, through counsel, filed the pending Motion to Dismiss the Indictment and Superseding Indictment, arguing that venue is not proper in the Western District of Missouri for any count of the superseding indictment (Doc. 28).

In his Motion to Dismiss, Stokes argues that under 18 U.S.C. § 3238, venue is proper in the District of Guam, where he was arrested; the Western District of Washington, the venue of his last known residence; or the District of Columbia. In response, the government argues that under 18 U.S.C. § 3237(a), venue is proper in this district as to Counts 1 and 2 of the indictment, which were committed in the Western District of Missouri, and as to Counts 3 through 7, upon which Stokes arrested in the Western District of Missouri.

---

[2] Guam is a Territory of the United States.

## CONCLUSIONS OF LAW

*Venue*

Federal Rule of Criminal Procedure 18 requires the government to prosecute an offense in the district where it was committed. The government bears the burden of establishing venue by a preponderance of the evidence. *See United States v. Gonzalez*, 683 F.3d 1221, 1224 (9th Cir. 2012). Two statutes, 18 U.S.C. §§ 3237 and 3238, govern venue for offenses committed in more than one district or outside the United States. For offenses "begun in one district and completed in another, or committed in more than one district" venue is proper "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). For offenses not committed in any district,

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if not such residence is known the indictment or information may be filed in the District of Columbia.

18 U.S.C. § 3238.

*Counts 1 and 2 - Distribution of Child Pornography*

Counts 1 and 2 of the superseding indictment charge Stokes with violation of 18 U.S.C. § 2252 for knowing distribution through interstate commerce of visual depictions of a minor engaging in sexually explicit conduct (Doc. 22). Stokes argues that because he allegedly sent the pornographic images from the Philippines, section 3238 directs proper venue in either the District of Guam, the district of arrest; the Western District of Washington, the last known residence of the defendant; or the District of Columbia. On the contrary, the government argues that section 3237(a), not section 3238, is applicable to establish venue in any district in which the

3

offense occurred, and because the images were distributed to the Western District of Missouri, part of the offense occurred here.

The undersigned agrees with the government. Stokes maintains that section 3237 applies only to offenses "wholly occurring somewhere within the territorial jurisdiction of the United States" (Doc. 28, p. 7). Relevant case law belies this assertion. Courts recognize that offenses under 18 U.S.C. §§ 2251 and 2252 are "continuing offenses" that occur in more than one district, and to which section 3237 applies. *See United States v. McVicker*, --- F.Supp.2d ---, 2013 WL 5743650 (D. Ore. October 23, 2013) (citing *United States v. Kapordelis*, 569 F.3d 1291, 1308 (11th Cir. 2009) (§ 2251) and *United States v. Moncini*, 882 F.2d 401, 403 (9th Cir. 1989) (§ 2252)). In a continuing offense, "the crime occurs both where a communication is made and where it is received." *Gonzalez*, 683 F.3d at 1225. Where any part of the conduct that formed the offense occurred within the boundaries of a district, venue is proper in that district, even if the conduct was performed by an undercover government agent. *United States v. Chi Tong Kuok*, 671 F.3d 931, 938 (9th Cir. 2012). It is possible therefore, for venue to be proper in a district "with which the defendant had no personal connection, and which may occasionally be distant from where the defendant originated the actions constituting the offense." *United States v. Angotti*, 105 F.3d 539, 543 (9th Cir. 1997). The court in *McVicker* determined that a federal agent's download of files containing child pornography in the District of Oregon moved the § 2252 offense into that district, regardless of the defendant's inability to foresee or anticipate movement into that district. *McVicker*, *13; *see also Gonzalez*, 683 F.3d at 1226.

As stated above, it is well-established that offenses committed in violation of 18 U.S.C. § 2252 are "continuing offenses" that occur where a communication is made and where it is received. *See Gonzalez*, 683 F.3d at 1225. Stokes does not deny that e-mail attachments of

4

photographs depicting child pornography were received via computer located in Springfield, Missouri, which is within the Western District of Missouri. Stokes contends, however, that but for his actions in the Philippines, the agent in Missouri could not have accessed the images. While logically sound, this argument has no support in case law analyzing distribution of child pornography and venue. Instead, those cases go so far as finding venue proper in a district where images of child pornography were received, even if the defendant had no expectation that the images would move into that district. *See Angotti*, 105 F.3d at 543. Accordingly, the undersigned **RECOMMENDS** that venue is proper for Counts 1 and 2 of the superseding indictment in the Western District of Missouri because images violating 18 U.S.C. § 2252 were received in this district, making the Western District of Missouri a district where the offense occurred.

*Counts 3 through 7 - Engaging in Illicit Sexual Conduct in Foreign Places[3]*

> Under 18 U.S.C. § 2423(c):
>
> Any United States Citizen or alien admitted for permanent residence who travels in foreign commerce or resides, either temporarily or permanently, in a foreign country, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

Where Congress does not specify venue in a criminal statute, courts employ a two-part test set forth by the Supreme Court in *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999), to determine proper venue. A court first identifies the nature of the crime, that is the conduct constituting the offense, and second, discerns the location, or *locus dilicti*, of the commission of the criminal acts. *Id.* at 279. The Fifth Circuit has identified, "engaging in illicit sexual

---

[3] Venue for Counts 3 through 7 of the superseding indictment will be analyzed separately because venue must be proper with respect to each count of a multi-count indictment. *United States v. Pietrantonio*, 637 F.3d 865, 872 (8th Cir. 2011).

conduct," as the most critical element of the offense prohibited by 18 U.S.C. § 2423(c). Thus, the place where the illicit sex occurs is the *locus delicti* of § 2324(c). *See United States v. Pendleton*, 658 F.3d 299, 303-04 (5th Cir. 2011).

In this case, the location of the criminal acts was outside the United States. Thus, 18 U.S.C. § 3238 is the controlling statute. *Pendleton*, 658 F.3d at 304. Venue is proper in the district "where the defendant is first restrained of his liberty *in connection with the offense charged*." *United States v. Wharton*, 320 F.3d 526, 536 (5th Cir. 2003) (emphasis in original) (quoting *United States v. Erdos*, 474 F.2d 157, 160 (4th Cir. 1973)).

The facts of *Wharton* are illustrative. Defendant Wharton was arrested in Florida on a criminal complaint from the Western District of Louisiana charging fraud. After an initial hearing, Wharton was removed from Florida to the Western District of Louisiana. While detained there on the fraud charges, Wharton was indicted on foreign murder of a United States national. The alleged murder occurred in Haiti. The Fifth Circuit held that Wharton was not arrested on the foreign murder charge until he was in Louisiana. Thus, Louisiana was the district where Wharton was first restrained on the murder charge, and venue "properly rested in that district." *Wharton*, 320 F.3d at 537.

Similarly, Stokes was arrested in Guam on the charges alleged in Counts 1 and 2 of the original indictment. He was removed to the Western District of Missouri on those charges. Once he was detained here, the superseding indictment added the charges of travel in foreign commerce to engage in illicit sexual conduct. Stokes was arrested, and first restrained of liberty, on the additional charges in the Western District of Missouri. Under 18 U.S.C. § 3238 and the cases construing it, venue is proper in the Western District of Missouri because Defendant was

arrested here.  Accordingly, the undersigned **RECOMMENDS** that venue is proper in the Western District of Missouri for Counts 3 through 7 of the superseding indictment.

CONCLUSION

Therefore, based on all the foregoing,

**IT IS HEREBY RECOMMENDED** that venue is proper in the Western District of Missouri on all counts of the superseding indictment.

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss the Indictment and Superseding Indictment for lack of proper venue filed by Defendant Kenneth Gaylord Stokes (Doc. 28) be **DENIED**.

**DATED:  May 15, 2014**

    /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**