IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 12-03091-01-CR-S-RTD |
| ) | |
| KENNETH GAYLORD STOKES, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR DOWNWARD VARIANCE

COMES NOW Defendant, Kenneth Stokes, by and through counsel, and hereby moves the Court to vary downwardly from the advisory Guidelines sentence of 3,600 months. Mr. Stokes argues that a downward variance is warranted because the advisory Guidelines sentencing range of 3,600, as calculated by the United States Probation Office, in no way accounts for acceptance of responsibility, a concept firmly rooted in sentencing jurisprudence, and because given normal life expectancy, a Guidelines sentence violates the parsimony clause mandate that a sentence be sufficient, but not greater than necessary to accomplish the factors listed in 18 U.S.C. § 3553(a). In support of his motion, Mr. Stokes offers the following suggestions.

### SUGGESTIONS

*Facts*

1. On January 27, 2015, Mr. Stokes entered guilty pleas to Counts Three through Seven of the Superseding Indictment. More specifically, for each count, Mr. Stokes admitted to traveling in foreign commerce and thereafter, engaging in illicit sexual contact, violations of 18 U.S.C. § 2423(c). Because Mr. Stokes has a prior conviction for Statutory Rape in the First

1

Degree from the State of Washington, the statutory range of punishment for these offenses is not more than 60 years in prison, instead of the ordinary range of punishment of not more than 30 years in prison. See 18 U.S.C. § 2426(a).

2. After the change of plea hearing, and pursuant to the Court's order, the United States Probation Office completed a Presentence Investigation Report (PSR), a report filed with the Court. Even though the sentencing table recommends a life sentence, the PSR concludes that because "the statutorily maximum sentences are less than the maximum guideline range" the range is 3,600 months based on application of U.S.S.G. § 5G1.2(b). See PSR Paragraph 126. Mr. Stokes contends that this application of the Guidelines is incorrect. *See* PSR Addendum at 2.

3. With the exception to the objections made by Mr. Stokes in the PSR Addendum, the facts of the offenses as recounted in the PSR are correct.

4. According to the Social Security Administration, a man born on June 26, 1944, the same day as Mr. Stokes, has a life expectancy of 85.8 years. *See* Social Security Life Expectancy Calculator Webpage, attached hereto as Exhibit A, *available at* www.ssa.gov/cgi-bin/longevity.cgi.

*Argument*

**I. The Defendant's acceptance of responsibility warrants a downward variance from the advisory Guidelines sentencing range of 3,600 months.**

A downward variance is warranted given Mr. Stokes' acceptance of responsibility, a consideration well entrenched in federal sentencing, and a factor not reflected the Guidelines range of 3,600 months. Normally, when a defendant pleads guilty, the Guidelines credit a defendant with accepting responsibility by lowering the offense level by three levels. See generally U.S.S.G. § 3E1.1. As background to § 3E1.1, the Sentencing Commission wrote:

2

> The reduction of offense level provided by this section recognizes legitimate societal interests. For several reasons, a defendant who clearly demonstrates acceptance of responsibility for his offense by taking, in a timely fashion, the actions [of acceptance of responsibility] is appropriately given a lower offense level than a defendant who has not demonstrated acceptance of responsibility.

U.S.S.G. § 3E1.1, comment. (backg'd)(Nov. 2014).

In this case, the Guidelines range of 3,600 months is the statutory maximum sentence and consequently, does not reflect the tradition that those who plead guilty receive a reduced prison sentence compared to those who do not accept responsibility. Although the United States Probation Office subtracted three-levels from the original offense level calculation to give Mr. Stokes credit for acceptance of responsibility, the Probation Office then converted the Guidelines sentence to the statutory maximum sentence by what Mr. Stokes contends is an erroneous application of § 5G1.2(b). See PSR Paragraph 126 and PSR Addendum at 2.

Mr. Stokes demonstrated an exceptional form of acceptance of responsibility by pleading guilty to offenses likely to carry sentences lasting longer than he is expected to live. He saved the Government the considerable expense of jury trial in a case involving witnesses from a foreign country, namely the Philippines. Additionally, he avoided the situation where jurors and court staff are exposed to images outside the bounds of what is acceptable in a law-abiding society, images that leave a lasting imprint of those forced to view them. Given these circumstances, a downward variance to account for acceptance of responsibility is warranted.

3

**II. Given the Defendant's life expectancy, the parsimony clause requires this Court to impose a sentence below the advisory Guidelines sentencing range because a Guidelines sentence would be greater than necessary to accomplish the factors listed in 18 U.S.C. § 3553(a).**

The parsimony clause requires the Court to impose a sentence sufficient, but not greater than necessary to accomplish the factors listed in 18 U.S.C. § 3553(a). The meaning of the parsimony clause invites discussion with some concluding that a sentencing court is required to impose the lesser of two sentences equally serving the statutory purpose of § 3553(a), with others criticizing the parsimony principle as impermissibly slanting the discussion toward shorter sentences. *Compare United States v. Dorvee*, 616 F.3d 174, 184 (2nd Cir. 2010) (finding sentence substantively unreasonable where there was no clear reason why the maximum available sentence, as opposed to a lower sentence, was required for deterrence) *with United States v. Browning,* 530 Fed. Appx. 864, 865 (11th Cir. 2013) (parsimony principle tends to impermissibly slant the discussion toward shorter sentences by emphasizing the need to avoid sentences that are too long).

In a split decision, a panel of the Eighth Circuit Court of Appeals struggled with the application of the parsimony clause in a case where the sentence imposed by the district court was an upward variance from the Guidelines that far exceeded the life expectancy of the defendant. *See United States v. Scott*, 732 F.3d 910 (8th Cir. 2013). In *Scott*, the Eighth Circuit upheld an upward variance from the advisory Guidelines range of 39 years, even though the sentence imposed, 115 months plus two life sentences, far exceeded the 56-year-old defendant's life expectancy. *See id.* at 95, 918. The majority concluded that while advanced age is an appropriate basis for granting a downward variance, the limited appellate role in sentencing required a conclusion that the upward variance was substantively reasonable. *Id.* at 918-919.

4

In his dissent, Judge Bright disagreed with the majority concerning the substantive reasonableness of the upward variance. *Id.* at 919. He wrote:

> The sentence of 115 months in prison plus two life sentences imposed on Michael Scott by the district court represents a prime example of what may be called "gilding the lily." It is unreasonable and excessive. For all practical purposes, the roughly 39-year mandatory minimum sentence in this case – for a defendant who is 56 at the time of sentencing – would have itself amounted to a sentence of life imprisonment. I ask what more is required. The sentence in this case is unreasonable and simply represents an effort to send a message of being tough on crime. But that's not the purpose of a sentence.

*Id.* Judge Bright further explained that long sentences are not a deterrent to crime because it is the fact of incarceration, not the length of it, that serves the ends of justice. *Id.* Judge Bright's opinion is supported by research concluding that increases in the certainty of punishment, as opposed to the severity of punishment, are more likely to produce deterrent benefits. *See* Valerie Wright, Ph.D, *Deterrence in Criminal Justice, Evaluating Certainty vs. Severity of Punishment*, THE SENTENCING PROJECT, November 2010 at 1.

In this case, Mr. Stokes is a 71-year-old man with a life expectancy of 85.8 years. *See* Social Security Life Expectancy Calculator Webpage, attached hereto as Exhibit A, *available at* www.ssa.gov/cgi-bin/longevity.cgi. While the nature of the offenses and his history are cause for concern, the astronomical sentence of 3,600 months recommended by the Guidelines is unwarranted under most any circumstance. The offenses to which Mr. Stokes pleaded guilty carry no mandatory minimum sentence and this Court should fashion a sentence that does not "gild the lily" as Judge Bright wrote, but instead complies with the parsimony clause's

5

requirement that a sentence be sufficient, but not longer than necessary to accomplish the factors listed in § 3553(a).

WHEREFORE Defendant Stokes prays that the Court grant his Motion for Downward Variance by imposing a sentence that reflects his acceptance of responsibility and complies with the parsimony clause.

Respectfully submitted,

*/s/ Michelle M. Law*
**MICHELLE M. LAW, #45487**
Assistant Federal Public Defender
901 St. Louis Street, Suite 801
Springfield, Missouri 65806
(417) 873-9022
Attorney for Defendant

July 30, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2015, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Michelle M. Law*
**MICHELLE M. LAW**